IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**CHRISTOPHER KEVIN TALBERT,**

    Petitioner,

v.                                 Case No. 3:18cv415-MCR/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On March 11, 2018, Petitioner Christopher Kevin Talbert, a state inmate, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On August 20, 2018, Respondent filed an answer and exhibits. ECF No. 8. Petitioner has not filed a reply, although he was given the opportunity to do so. *See* ECF No. 7.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this case. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and

attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

On September 9, 2016, Petitioner Christopher Kevin Talbert entered a straight-up no contest plea in Okaloosa County Circuit Court case number 2016-CF-0637 to charges of arson (Count 1), burning to defraud insurer (Count 2), and insurance fraud (Count 3).   Ex. E at 168, 170-73, 175-80.[1]   The judge sentenced him to nine (9) years in prison on Count 1, and five (5) years in prison on Counts 2 and 3, with all sentences to run concurrently with each other and with sentences imposed in four other cases, including 2015-CF-2007 and 2015-CF-2219 .   Ex. E at 168, 170-73, 175-80; *see infra* at 10.   Talbert did not file a direct appeal.

On October 23, 2016, Talbert filed a motion for post-conviction relief addressed to all five cases.   Ex. E at 31-41.   The state trial court dismissed the motion as it was unsigned and also directed Talbert to file a separate motion for case 2016-CF-0637.   *Id*. at 48-49.

On April 18, 2017, Talbert filed an amended post-conviction motion in

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 8.
Case No. 3:18cv415-MCR/CAS

case 2016-CF-0637, raising three claims of ineffective assistance of counsel (IAC).  Ex. E at 119-30.  By order on May 5, 2017, the state trial court dismissed the unsigned motion, finding the claims insufficient, allowing leave to amend within sixty (60) days.  *Id*. at 131-33.

On May 24, 2017, Talbert filed a second amended post-conviction motion, raising four IAC claims.  Ex. E at 134-45.  By order on June 13, 2017, the state trial court dismissed the motion, with leave to amend with sixty (60) days, finding "the motion still contains claims that are facially and/or legally insufficient."  *Id*. at 148-49.

On July 31, 2017, Talbert filed a third amended post-conviction motion, raising four IAC claims.  Ex. E at 151-63.  On August 24, 2017, the state post-conviction trial court rendered a final order denying the first ground and dismissing the remaining three grounds with prejudice.  *Id*. at 164-66.

Talbert appealed the denial of post-conviction relief to the First District Court of Appeal (First DCA), assigned case number 1D17-4045. Ex. E at 115-16; Ex. F.  No briefs were filed.  *See* Ex. F.  On February 22, 2018, the First DCA per curiam affirmed the case without a written

opinion. *See id.*; Talbert v. State, 173 So. 3d 889 (Fla. 1st DCA 2018) (table). The mandate issued on March 22, 2018. Ex. G.

As indicated above, Talbert filed a § 2254 petition in this Court on March 11, 2018. ECF No. 1. He raises two grounds, both alleging IAC:

(1) "Denial of effective assistance of counsel – failure to investigate illegal search and seizure of property by law enforcement." *Id.* at 5.

(2) "Denial of effective assistance of counsel – failure to file a motion to suppress." *Id.* at 7.

Respondent filed an answer, with exhibits. ECF No. 8. Petitioner has not filed a reply, although given the opportunity to do so. *See* ECF No. 7.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*.

For IAC claims, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness." Id. at 688. To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)). "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id. It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Id.

The Strickland test applies to IAC claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985). When a defendant

has entered a plea while represented by counsel, as here, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.'" Id. at 56-57 (quoting Tollett v. Henderson, 411 U.S. 258 (1973)). That a plea is one of nolo contendere, as here, rather than guilty, does not warrant a different analysis for purposes of federal habeas corpus. See North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); see also Florida v. Royer, 460 U.S. 491, 495 n. 5 (1983) (explaining that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty").

### Ground 1: IAC – Search and Seizure

In his first ground, Petitioner Talbert asserts he was denied his right to effective assistance of counsel because counsel did not investigate an alleged illegal search and seizure of property from his family's property. ECF No. 1 at 5. Talbert asserts his "grandparents and aunt . . . spotted a detective looking around where the ATMs were later found" and when he

Case 3:18-cv-00415-MCR-CAS   Document 9   Filed 02/07/19   Page 8 of 19

Page **8** of **19**

explained this to his attorney, "he was informed that they were allowed on the property without a warrant." *Id*.

Talbert raised a similar ground in state court in his Third Amended Motion for Postconviction Relief, as a claim alleging newly discovered evidence: "Three reliably [sic] witnesses have come forth on my behave [sic] showing my claim of illegal search and seizure of property. Due to being incarcerated I don't have access to communicate with witnesses in order for me to obtain affidavits." ECF No. 8-5 at 160. The state post-conviction trial court, after allowing three opportunities to amend, dismissed this claim with prejudice. *Id*. at 169. Talbert appealed, and the First DCA affirmed the case without a written opinion. See Ex. F.

The state post-conviction trial court's dismissal of the claim for facial insufficiency constitutes an adjudication on the merits. See Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1285-86 (11th Cir. 2012); Borden v. Allen, 646 F.3d 785, 810-13 (11th Cir. 2011). The First DCA's summary affirmance is also an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). See Richter, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in

the absence of any indication or state-law procedural principles to the contrary.") A review of the record supports the state courts' determination. *See* Wilson v. Sellers, -- U.S. --, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.").

In particular, as set forth above, Talbert made no allegation in his state motion that he informed his attorney about what his family members observed and what, if anything, his attorney said or did based on this information. *See* ECF No. 8-5 at 160. Further, Talbert did not allege that his plea was involuntary due to any failure of his attorney to investigate this issue. *See* Bullard v. Warden, Jenkins Corr. Ctr., 610 F. App'x 821, 824 (11th Cir. 2015) ("Here Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness is waived by the plea."). The state courts thus had a reasonable basis to deny relief.

Notably, Talbert indicates in his § 2254 petition that he challenges only his conviction in 2016-CF-0637. ECF No. 1. That case involved

charges of arson, burning to defraud an insurer, and insurance fraud. *See* ECF No. 8-5 at 182. From the record provided, nothing in that case appears to involve any search of Talbert's family's property "where the ATMs were later found," as he describes in his petition. ECF No. 1 at 5. Rather, the charges involving the theft of and damage to the ATMs concerned two other cases: Case No. 2015-CF-2007 and Case No. 2015-CF-2219. *See* ECF No. 8-1 at 2-3 (Ex. A), 8-2 at 2-3 (Ex. B). Talbert entered a negotiated nolo contendere plea in those cases. *See* ECF No. 8-5 at 102-106.

The Plea and Sentencing Agreement, signed by Talbert and filed in court on July 8, 2016, reflects that he entered his nolo contendere plea knowingly and willfully with the advice of counsel, and he understood his plea agreement. *See* ECF No. 8-5 at 102-06. He specifically agreed he was "satisfied with [his] attorney's advice and services." *Id*. at 102. He understood he was giving up rights, including "[t]he right to present any and all defenses [he] may have." *Id*. He agreed that he had "reviewed the facts of [his] case(s) with [his] attorney and [he] agree[d] and stipulate[d] there are sufficient facts available to the State to justify [his] plea of . . . nolo contendere to the charge(s)." *Id*. at 104.

The plea agreement also indicates, regarding the factual basis, "[t]he arrest report or offense report or probable cause affidavit which is a part of the court record filed with the clerk of court is hereby incorporated by reference and agreed to by the defendant as a factual basis for the plea." *Id*. at 105. The probable cause/arrest report in case number 15-CF-2007 includes the following narrative:

> On March 7, 2015 the defendant, Christopher Kevin Talbert did commit the criminal offenses of Burglary to an Unoccupied Structure Causing Damage Over $1000.00, Grand Theft Over $300.00 Under $20,000.00, Criminal Mischief Damage Over $200.00 to Under $1,000.00, Criminal Mischief Damage over $1,000.00 & Destroying or Tampering With Evidence.
>
> On the above mentioned date the defendant and co-defendant . . . did break out the glass door, valued at approximately $400.00, to the Taco Town restaurant located at 5661 State Road 4, Baker, Florida. After breaking out the glass, the defendant and co-defendant entered the business and began attempting to remove the First National Bank & Trust ATM machine that was secured to the floor inside the business. After several failed attempts by the co-defendant, the defendant rammed the ATM machine with his body and broke it loose from the floor. The defendant and co-defendant picked up the ATM machine, loaded it into the back of the defendant's truck and drove to the defendant's residence located at 4770 Rolling Field Lane, Holt, Florida. Upon arriving at that location both the defendant and co-defendant used a sledge hammer and a crow bar to force open the machine and removed $4,920.00 in US currency from within. After removing the currency, the defendant and co-defendant dug a hole on the property and buried the ATM machine in the ground. The ATM

machine was valued at $2,500.

On September 10, 2015 a search warrant was executed on the property of 4770 Rolling Field Lane, Holt, Florida. During this search warrant the defendant was advised of his Miranda warnings and he agreed to speak with me and answer questions.  I advised him that I was searching for the stolen ATM machine from the Taco Town burglary and the defendant told me that he had no idea what I was talking about and that he had no knowledge of any ATM machines on his property. While the search of the property was being conducted, the stolen ATM machine was located by Okaloosa County Sheriff's Office Investigators utilizing metal detectors and shovels.  A small portion of the ATM machine was visible to the eye as some of the loose dirt had washed away from around it. Approximately 10 feet away from this ATM machine we located a second ATM machine that was also buried in the ground. The defendant was then confronted a second time with the discovery of the ATM machines and he then told investigators that he and the co-defendant stole one of the ATM machines from Taco Town in Baker, Florida and he and the co-defendant stole the other ATM machine from the American Legion in Crestview, Florida.  The defendant admitted that he did break open the ATM with the co-defendant and they both buried it there on the property.  The defendant stated that he and the co-defendant split the US currency from the ATM.

Later that same day the co-defendant was advised his Miranda warnings to which he agreed to answer questions. The co-defendant also admitted to all of the information disclosed above by the defendant.  The co-defendant stated that it was the defendant's idea to commit the burglary.

Both interviews with the defendant and co-defendant were video recorded on body worn cameras and the footage will be submitted as evidence in this case.

ECF No. 8-8 at 3.

Given these circumstances, any allegations by Talbert that his plea was not knowing and voluntary, because of any alleged misadvice by counsel regarding the absence of a search warrant, lack merit as Talbert conceded to the statement of probable cause indicating a search warrant was executed on the property. *See* Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also* Stano v. State, 520 So. 2d 278, 279-80 (Fla.1988) (affirming summary denial of Rule 3.850 motion and agreeing with trial court's finding: "Once the Defendant enters a plea of guilty before this Court, and assures the Court under oath that the plea is voluntary, the Court will not go behind the plea. The plea cuts off inquiry into all that precedes it. The Defendant is barred from contesting events happening before the plea.").

Based on the foregoing, Petitioner Talbert has not shown that the

state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

### Ground 2: IAC – Motion to Suppress

In his second ground, Petitioner Talbert asserts he was denied his right to effective assistance of counsel because counsel did not file a motion to suppress his statements made to law enforcement in the absence of Miranda warnings. ECF No. 1 at 7. The state post-conviction trial court, after allowing three opportunities to amend, dismissed this claim with prejudice. Ex. E at 166. Talbert appealed, and the First DCA affirmed the case on appeal, without a written opinion. See Ex. F.

As explained in the analysis of Ground 1, *supra*, the state post-conviction trial court's dismissal of the claim for facial insufficiency constitutes an adjudication on the merits. See Pope, 680 F.3d at 1285-86; Borden, 646 F.3d at 810-13. The First DCA's summary affirmance is also an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). See Richter, 562 U.S. at 99. A review of the record supports the state courts' determination. See Wilson, 138 S. Ct. at 1192.

In particular, in his state post-conviction motion, Talbert faults his attorney for "not making the courts aware that my Miranda Rights were violated" as "[t]he video of my confession will show that my Miranda Rights were not read to me"; however, Talbert did not assert that he told his attorney he did not receive Miranda warnings, that he asked his attorney to file a motion to suppress his statements, or even that he discussed this issue with his attorney.  See ECF No. 8-5 at 159.   Further, Talbert did not contend that his plea was involuntary due to his attorney's failure to file a motion to suppress.  See Bullard v. Warden, Jenkins Corr. Ctr., 610 F. App'x 821, 824 (11th Cir. 2015) ("Here Mr. Bullard does not contend that his plea was involuntary due to his counsel's failure to file a motion to suppress, so the ineffectiveness is waived by the plea."); Coates v. Jones, No. 4:15cv341-MW/CJK, 2016 WL 7785458 at *9 (N.D. Fla. Dec. 19, 2016) (Report and Recommendation to deny § 2254 petition, adopted by order of district court on Jan. 14, 2017).  Cf. Arvelo v. Sec'y, Fla. Dep't of Corr., 788 F.3d 1345 (11th Cir. 2015) (reversing and remanding denial of § 2254 petition for evidentiary hearing on IAC claim for failing to suppress confession obtained in violation of Miranda, where confession was only evidence supporting convictions).   The state courts thus had a reasonable

basis to deny relief.

Further, similar to the analysis of Ground 1, the Plea and Sentencing Agreement, signed by Talbert and filed in court September 6, 2016, reflects that he entered his nolo contendere plea knowingly and willfully with the advice of counsel, he understood the plea agreement, agreed he was "satisfied with [his] attorney's advice and services," and he understood he was giving up rights, including "[t]he right to present any and all defenses [he] may have."  Id. at 170-73.  He agreed that he had "reviewed the facts of [his] case(s) with [his] attorney and [he] agree[d] and stipulate[d] there are sufficient facts available to the State to justify [his] plea of . . . nolo contendere to the charge(s)."  Id.

The plea agreement also indicates, "the arrest report or offense report or probable cause affidavit which is a part of the court record filed with the clerk of court is hereby incorporated by reference and agreed to by the defendant as a factual basis for the plea."  Id. at 173.  Among other things, the probable cause affidavit indicates the investigator "stated he Mirandized Talbert before any questioning took place."  ECF No. 8-12 at 7.  Thus, in entering the plea and agreeing to the probable cause affidavit, Talbert effectively acknowledged he had been given Miranda warnings

before admitting his involvement in the crimes, contrary to his claim in his state post-conviction motion.  *Cf*. ECF No. 8-5 at 159 ("The video of my confession will show that my Miranda rights were not read to me.").  Given these circumstances, any allegations by Talbert that his plea was not knowing and voluntary, because of alleged misadvice by counsel prior to entering the plea, lack merit.  See Blackledge, 431 U.S. at 73-74; *see also* Stano, 520 So. 2d at 279-80.

Based on the foregoing, Petitioner Talbert has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(1)-(2).  Accordingly, this ground should be denied.

## Conclusion

Petitioner Christopher Kevin Talbert is not entitled to federal habeas relief.  The § 2254 petition (ECF No. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the § 2254 petition (ECF No. 1).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 7, 2019.

<u>S/ Charles A. Stampelos</u>
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   See 11th Cir. R. 3-1; 28 U.S.C. § 636.**